"This tax refund case is before the court on the plaintiffs’ request for prompt review of the trial judge’s November 30, 1977, order suspending further proceedings until March 1, 1978. The request for review is pursuant to Rule 53(c)(2)(ii) since the trial judge refused to certify the issue for our prompt review. After consideration of the briefs and without oral argument, we deny the request for prompt review.
"Plaintiffs’ petition claiming a refund for their 1972 taxable year was filed August 12, 1976. Defendant immediately moved for suspension of proceedings on the grounds that a special agent of the Internal Revenue Service was investigating plaintiffs’ 1972, 1973, and 1974 tax returns. Plaintiffs did not oppose the original motion to suspend which was granted suspending proceedings until June 1, 1977. Since then defendant has been granted a second suspension of proceedings and the present dispute involves defendant’s third request for a suspension of proceedings until March 1, 1978. The trial judge granted the third suspension, but with the warning that further suspensions would be allowed only on a showing of extraordinary circumstances.
"Our standard of review under Rule 53(c)(2)(ii) is whether 'further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or the *1064 parties.’ We do not believe plaintiffs have met this standard. They will be paid interest at the statutory rate for the delay caused by the suspensions should they ultimately prevail. The sole harm plaintiffs will incur due to the further suspension of proceedings is delay in the ultimate resolution of their refund claim. Delay alone is not sufficient grounds for us to grant prompt review. Rule 53(c)(2)(ii). In fact, if we granted plaintiffs’ request for prompt review in this case, the effect may well be to waste the resources of the court and the parties. The reason is if this court proceeded to judgment for plaintiffs on the refund claim and subsequently the special agent produced evidence of fraud on the part of the taxpayers, our judgment might be void because of the fraud, Commissioner v. Sunnen, 333 U. S. 591, 597 (1948), or be vacated upon rehearing, 28 U.S.C. § 2514 (1970). Accordingly,
"it is ordered that plaintiffs’ request for prompt review of the trial judge’s November 30, 1977, order suspending further proceedings in this suit until March 1, 1978, be and hereby is denied.”